OVERSEER OF THE POOR OF THE TOWNSHIP OF MADISON, IN MIDDLESEX COUNTY, v. OVERSEER OF THE POOR OF THE TOWNSHIP OF MONROE, IN MIDDLESEX COUNTY

1. The place of the legal settlement of the father is the place of the legal settlement of his legitimate children. The birthplace of such children is the place of legal settlement *prima facie* only, and until the place of legal settlement of their parents is known.
2. Upon *certiorari*, when the facts are not certified, this court must infer such facts, necessary to support the judgment below, as can be reasonably inferred from the evidence returned.

---

On *certiorari* to the Middlesex Court of General Quarter Sessions of the Peace, to remove proceedings in the matter of the legal settlement of Sarah M. Truxton, a pauper.

Robert Van Denburgh and Jacob Wyckoff, Esqs., two of the justices of the peace of the county of Middlesex, made an order declaring that Sarah M. Truxton, a colored person and a pauper, was in need of relief, and likely to become a charge to Monroe township, in the said county of Middlesex, and that her legal settlement was in the township of Madison, in said county.

From the above order, an appeal was taken, by the said township of Madison, to the Court of Quarter Sessions of. the said county of Middlesex, and the said court confirmed the order of the said justices.

The evidence in the case is as follows :

Sarah M. Truxton is in indigent circumstances, and entirely incapable of supporting herself, and is likely to become a

·charge to the township of Monroe; she is the daughter of Horace Truxton, deceased, and Johanna Truxton, both colored people; Sarah M. Truxton is now of the age of sixteen years, and was born in the township of Manalapan, in the county of Monmouth; James Johnson purchased the mother of said Horace Truxton of James Abrahams, when he was a mere child, the mother and boy both passing into the hands of James Johnson; the mother was a slave, and the boy, Horace Truxton, was born in the township of Monroe; the boy, Horace Truxton, came into the hands of Alexander Johnson, son of the said James Johnson, by will of the said .James Johnson; James Johnson and Alexander Johnson were both residents of the township of South Amboy, in the said ·county of Middlesex, and lived there during the time the boy, Horace, was with them; Alexander Johnson sold the boy, Horace Truxton, to John Abrahams—that is, his time; he went to John Abrahams', who lived in Madison township, when he was between the ages of fourteen and twenty, and remained with him until some time after he arrived at the .age of twenty-five; Horace Truxton was forty-nine years of .age at the time of his death; he died about five years ago. This case was determined at the December Quarter Sessions, 1877.

The above was agreed upon by the respective counsel as a ·statement of the case.

Argued at June Term, 1880, before Justices DIXON and REED.

For the prosecutor, *Robert Adrain.*

For the defendant, *William Reiley, Jr.*

The opinion of the court was delivered by

DIXON, J.   The reason assigned for reversal of the order in this case is, that the evidence failed to show any legal settlement of the pauper in the township of Madison.

The pauper was the legitimate daughter of Horace Truxton, and was born in the township of Manalapan, Monmouth county, in November, 1861, and the prosecutor contends that this was, therefore, the place of her legal settlement.

The rule of the common law is that "The birth of legitimate children doth not give them a settlement, except where the settlement of their father and mother is not known, and then only till it is known." 3 *Burn's Just.* 28. And, said Lord Holt, "The place where legitimate children are born is not the place of their settlement, for, let that be where it will, the children are settled where their parents are settled, as, for instance, if the father is settled in the parish of H., but goes to work in the parish of B., and before he gains any settlement there, has a son born in the parish of B., and then dies, the child shall be sent to the parish of H., for it is not the birth, but the settlement of the father, that makes the settlement of his child." *Cumner Parish* v. *Milton Parish,* 3 *Salk.* 259. See, also, cases cited in *Ewing's N. J. Just.* 437, *tit.* "*Poor.*"

If, therefore, the evidence was sufficient to show that Horace Truxton had, when this pauper was born, a legal settlement in Madison—there being no proofs that she had acquired any other settlement since—the order must stand.

Horace Truxton was born about 1823, of a slave mother, in Monroe township, Middlesex county. Our statute for the gradual abolition of slavery in this state, passed February 24th, 1820, (*Elm. Dig., p.* 525,) provided that every child born of a slave, in the state, after July 4th, 1804, should be free, but should remain the servant of the owner of his or her mother, and the executors, administrators, or assigns of such owner, in the same manner as if such child had been bound to service by the overseers of the poor, and should continue in such service, if a male, until the age of twenty-five years, and if a female, until the age of twenty-one years. A supplement to our poor law, passed June 10th, 1820, (*Elm. Dig., p.* 415, § 6,) enacted that the male and female children of slaves born after July 4th, 1804, should, after the males arrive at the age of twenty-five years, and the females at twenty-one

years, be deemed settled in the township or place in which they were born, provided that any such male or female children of slaves should obtain a legal settlement in the city, borough, township, or precinct in which such servant should first serve, with his or her master or mistress, for the space of seven years, and if, afterwards, such servant should duly serve in any other place, for the space of seven full years, such servant should obtain a legal settlement in the city, borough, township, or precinct where such service was last performed, either with his or her first master or mistress, or with any other master or mistress, by virtue of a legal transfer of such servant.

The evidence in this case justified the inference that James Abrahams was the owner of the mother of Horace Truxton, at his birth, and as such, had a right to his service until he reached twenty-five years of age; that this right was legally transferred, successively, to James Johnson, Alexander Johnson, and John Abrahams; that Horace Truxton duly served the master last named, in the township of Madison, for the space of seven full years, and thereby acquired a legal settlement in that place before the birth of his daughter Sarah; and it does not appear that he ever lost that settlement. It is true that the testimony as to the length of this service to John Abrahams—that it began when Horace was between fourteen and twenty years of age, and ended after he was twenty-five—does not *conclusively* show the requisite service of seven years, but it affords ground for a reasonable inference of that fact, and, upon *certiorari*, when the facts are not certified, this is sufficient to support the judgment below. *Beach* v. *Mullin*, 5 *Vroom* 343.

This legal settlement of the father became, therefore, that of the daughter, at her birth, and the proofs not establishing any subsequent settlement elsewhere, the order of the justices was correct.

The judgment of the Sessions is affirmed, with costs.